### CHRISTIAN BACKMAN *v.* PETER HANSON.

The clandestine desertion by a seaman, although effected after he has reported himself on board ship and become subject to the orders of the master, is a sufficient breach of a bond, conditioned that he shall " proceed to sea."

The vessel does not, in leaving her wharf and being hauled out into the stream—where the desertion takes place—"proceed to sea," within the legal meaning of such a bond.

THIS action was on a bond, conditioned that a seaman

should "proceed to sea" in the ship "Harpy." The seaman went on board and placed himself under the command of the master. The vessel was afterwards detached from her wharf and hauled out into the stream, where the seaman deserted, on the eve of the intended departure. The First District Court gave judgment for the plaintiff, from which the defendant appealed.

*George F. Betts* and *Charles Donohue*, for the defendant.

*D. Andrews*, for the plaintiff.

BY THE COURT. DALY, J.—There is no ground for disturbing this judgment. The contract was made with Molan and Borchers, as agents, and Molan proved that it was made on account of and for the benefit of the plaintiff. It was proved that Lewis, the seaman, *did not* "proceed to sea," and that another seaman was of necessity shipped in his place, after a detention of the vessel for two days. The plaintiff was entitled to recover back the $18 advanced to the defendant for Lewis, and any damages he had sustained, not exceeding a corresponding sum—the limit fixed by the contract. It was proved that the damages occasioned by the detention amounted to several hundred dollars. The testimony on this point, it is true, is loose and general; but if the defendant questioned the fact, he should have cross-examined the witness, and ascertained how the damages accrued. As the testimony stood, it was sufficient to warrant the justice in finding damages to the amount limited by the contract.

Judgment affirmed.